# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TSEGAYE DOELAMO, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SCHELL KARL-HEINZ, )<br>)<br>Defendant. )<br>_____ ) | 2:14-cv-00339-RCJ-GWF<br><br>**ORDER** |

This case arises out of a car crash. Pending before the Court are a Motion to Dismiss (ECF No. 4) and a Motion to Remand (ECF No. 9). For the reasons given herein, the Court denies the motions.

## I.    FACTS AND PROCEDURAL HISTORY

On or about April 7, 2009, Plaintiff Tsegaye Doelamo's vehicle was struck in the side by a vehicle driven by Defendant Schell Karl-Heinz in Las Vegas, Nevada, causing Plaintiff "great pain of body and mind, and mental stress and anxiety, all o[r] some of which conditions may be permanent and disabling . . . ." (Compl. ¶¶ 5–6, Mar. 17, 2011, ECF No. 1-1).[1] Plaintiff is a citizen of Nevada, and Defendant is a citizen of Austria. (*Id.* ¶¶ 1–2).

Plaintiff sued Defendant in state court for negligence, seeking damages for medical care, lost wages, and attorney's fees. (*See id.* ¶¶ 6–8). Defendant removed. Plaintiff has moved to remand for failure to satisfy the amount-in-controversy requirement, and Defendant has moved to

---

[1] The citation in fact refers to three paragraphs; the Complaint has two paragraph "5"s.

dismiss for improper service of process or failure to prosecute.

## II. DISCUSSION

### A. Amount in Controversy

Assuming complete diversity between the parties, federal courts have jurisdiction over state claw claims where the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Where a complaint specifies no precise amount of damages, a removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403–04 (9th Cir. 1996).

Plaintiff simply asserts that he seeks no more than $75,000, and that therefore the Court must remand. But a court may not simply take a plaintiff's word for it. A court must examine the complaint and the available evidence and determine as an objective matter whether a defendant has shown the amount in controversy by a preponderance of the evidence. In response, Defendant—who notes that his name is Karl-Heinz Schell, not Schell Karl-Heinz—explains that Plaintiff has already claimed approximately $22,000 in past medical damages, and he argues that it is more likely than not that if Plaintiff is successful on his claims for lost wages, future medical damages for his "permanent" condition(s), past and future pain and suffering, and attorney's fees, he will recover more than $75,000 total in the case. The Court agrees. Defendant has attached a copy of the list of past medical bills provided to him by Plaintiff. In the Court's experience, a personal injury claim including $22,000 in past medical bills will normally include a plea to a jury for several times this amount in future medical bills, particularly where one alleges a permanent condition related to the injury. The Court can conclude this without even considering pain and suffering, lost wages, or attorney's fees. Considering those measures of damages and fees, as well, it is nearly certain that Plaintiff in reality seeks more than $75,000. The Court has little doubt that Plaintiff will ask the jury to award him more than $75,000, whether in this Court or in state court. Finally, Defendant notes that Plaintiff has in fact demanded $150,000 to settle

the case.

### B.     Service of Process

Defendant notes that this is the third case for the same accident Plaintiff has filed against Defendant, and that Plaintiff voluntarily dismissed the other two actions without prejudice before serving Defendant. But unless Defendant wishes to invoke a statute of limitations, which he does not appear to do at this time, the Court just isn't concerned with past cases dismissed without prejudice before service. The only question here is whether Defendant has been properly served in the present case.

Defendant notes that Plaintiff filed the present case on March 17, 2011 (which appears to be within the two-year statute of limitations). Defendant admits that the state court granted Plaintiff many extensions to serve Defendant in the present case (which is not surprising if Defendant lives in Austria), and that the disputed service was effected in a timely manner under the state court's extensions (assuming the method of service alleged was proper, which Defendant disputes). A large part of Defendant's complaint is with the lenience of the state court, but this Court will not undermine the state trial court's discretion in granting extensions by counting those extensions against Plaintiff in a failure-to-prosecute analysis.

Finally, the Court will examine whether service under Nevada Revised Statutes ("NRS") section 14.070 is constitutional. That statute provides that a person who operates a motor vehicle on Nevada's roads thereby gives implies consent for the Director of the Department of Motor Vehicles ("DMV") to accept service of process on his behalf as to any matter arising out of such activity, including for nonresident motorists who have left the state or who cannot be found within the state after an accident. *See* Nev. Rev. Stat. § 14.070. The relevant portion of the statute reads:

> Service of process must be made by leaving a copy of the process with a fee of $5 in the hands of the Director of the Department of Motor Vehicles or in the office of the Director, and the service shall be deemed sufficient upon the operator

>if notice of service and a copy of the process is sent by registered or certified mail by the plaintiff to the defendant at the address supplied by the defendant in the defendant's accident report, if any, and if not, at the best address available to the plaintiff, and a return receipt signed by the defendant or a return of the United States Postal Service stating that the defendant refused to accept delivery or could not be located, or that the address was insufficient, and the plaintiff's affidavit of compliance therewith are attached to the original process and returned and filed in the action in which it was issued.  Personal service of notice and a copy of the process upon the defendant, wherever found outside of this state, by any person qualified to serve like process in the State of Nevada is the equivalent of mailing, and may be proved by the affidavit of the person making the personal service appended to the original process and returned and filed in the action in which it was issued.

*Id.* at § 14.070(2).  Plaintiff notes that the Nevada Supreme Court has found the statute to be constitutional, *see Browning v. Dixon*, 954 P.2d 741 (Nev. 1998), but the ruling of a state court on a federal issue is only potentially persuasive, not binding. *Bittaker v. Enomoto*, 587 F.2d 400, 402 n.1 (9th Cir. 1978), *cert. denied*, 441 U.S. 913 (1979).  No federal court appears to have ruled on the constitutionality of the present statute.

The *Browning* Court first noted that the U.S. Supreme Court had found a similar statute insufficient where it provided for substitute service upon a state official without any requirement to attempt to notify the defendant himself. *See id.* at 743 (citing *Wuchter v. Pizzutti*, 276 U.S. 13 (1928)).  The Court noted that the U.S. Supreme Court had since affirmed that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1949)).  The *Browning* Court ruled that because the Nevada statute itself required due diligence in locating and notifying nonresident defendants (or resident defendants who could not be found), it comported with the Due Process Cause. *See id.* (citing cases from Arkansas, Utah, Missouri, and Wyoming holding similarly).

Because the *Browning* Court has ruled that the statute itself requires due diligence in

notifying a defendant, the Court finds that the statute is necessarily insulated from a due process challenge, i.e., the statute itself has been found to incorporate, or at least duplicate, the due-process requirements of the *Mullane* line of cases. The remaining question is whether Plaintiff attempted to notify Defendant of the pendency of the present action in a way reasonably calculated to apprise him of the action under the totality of the circumstances. The Court finds that he did.

Plaintiff notes that the address Defendant gave him at the scene (from his foreign driver's license) indicated a name of Schell Karl-Heinz, an address of Bogenhofn 1, St. Peter am Hart, Austria, 4963, and a birth date of January 18, 1985. Plaintiff notes that Crowe Foreign Services confirmed to him that Defendant no longer resided at the Bogenhofn address, but that his current registered address was listed as Ebentallerstrasse 22/1, 9020 Klagenfurt (the address of a Seventh Day Adventist Church), and that his birth date was correct. The Bogenhofn address was a hotel at which Defendant no longer resided. Plaintiff eventually served Defendant within the time extensions given in the state court by serving the Director of the DMV and sending the letter rogatory through the state court to the Ebentallerstrasse address, which was the latest address on record based upon the report of Crowe Foreign Services. The Court cannot say that Plaintiff did not diligently attempt to notify Defendant under the circumstances. In fact, it would have been improper for Plaintiff to have directed the letter rogatory to the Bogenhofn address after having learned that the address was no longer valid. *See Jones v. Flowers*, 547 U.S. 220, 229–30 (2006). That Plaintiff bothered to hire Crowe Foreign Services to track down Defendant and then, relying on Crowe's report, directed notice to the new address, and not the older, invalid address, only tends to confirm that Plaintiff was desirous of actually notifying Defendant. *See id.* And it is clear from Defendant's present motion that he received actual notice, anyway.

However, Defendant is correct that Plaintiff does not appear to have attached an affidavit along with "a return receipt signed by the defendant or a return of the United States Postal

Service stating that the defendant refused to accept delivery or could not be located, or that the address was insufficient," as required by the statute. The fact that the notice Plaintiff may have provided is sufficient under the Due Process Clause is not enough. The Due Process Clause is an independent restriction upon all methods of service, not a statute or rule providing for a method of service. The method of service must itself comply with state law. The Court will give Plaintiff sixty days to file the required affidavit and postal receipt or return.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 9) and the Motion to Dismiss (ECF No. 4) are DENIED.

IT IS FURTHER ORDERED that Plaintiff shall have sixty (60) days from the entry of this Order into the electronic docket to provide the required affidavit and postal receipt or return.

IT IS SO ORDERED.

Dated this 27th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge